Shawnee Perdue, ISB No. 8888
PERDUE LAW PLLC
350 North Ninth Street, Ste 500
Boise, Idaho 83702
p: 208.401.9575
f: 208.401.9576
sperdue@perdue.lawyer


Sam Johnson, ISB No. 4777
Johnson & Monteleone, L.L.P
350 North Ninth Street, Ste 500
Boise, Idaho 83702
p: 208.331.2100
f: 208.947.2424
sam@treasurevalleylawyers.com


Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| **JERRY ASH**<br><br>         Plaintiff,<br><br>vs.<br><br>**CHOBANI, LLC** a Delaware Limited Liability Company, **CHOBANI IDAHO, LLC,** an Idaho Limited Liability Company<br><br>         Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Jerry Ash (hereinafter referred to as "Ash" or "Plaintiff") by and through his attorneys, hereby complains against Defendants Chobani, LLC and Chobani Idaho, LLC (hereinafter referred to as "Defendants" or "Chobani" or "Chobani Idaho").

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## PARTIES

1. Plaintiff is a resident of Elmore County, Idaho. At all times relevant to this Complaint, Plaintiff was a resident of the state of Idaho.

2. Plaintiff was employed as a Sleeving Supervisor and Maintenance Supervisor by Defendants from July, 2012 to June 25, 2015.

3. Defendant Chobani is a Delaware limited liability company. Chobani's principal place of business is in Norwich, New York. Chobani operates and manages a food production facility in Twin Falls, Idaho.

4. Defendant Chobani Idaho is an Idaho limited liability company. Chobani Idaho's principal place of business in Twin Falls, Idaho. Chobani Idaho operates and manages a food production facility in Twin Falls, Idaho.

5. All actions and omissions giving rise to Plaintiff's claims took place in Twin Falls County, Idaho.

## JURISDICTION AND VENUE

6. This is a civil action over which this Court has jurisdiction pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Additionally, this Court shares concurrent jurisdiction with the Courts of the state of Idaho in matters arising under the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.* This Court's jurisdiction over Plaintiff's state law claims is founded upon 28 U.S.C. § 1367.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), because Chobani Idaho is a resident of the state of Idaho and all acts complained of occurred in Twin Falls County, Idaho.

## GENERAL ALLEGATIONS

8. The Plaintiff hereby incorporates and re-alleges herein all previous paragraphs of this Complaint.

9. Plaintiff was hired by Defendants on July of 2012 as a "Sleeving" Supervisor. In October of 2013, Mr. Ash was made a Supervisor of the Maintenance Department. Plaintiff worked in this position until his termination on June 25, 2015.

10. In his position as a Maintenance Supervisor, Plaintiff was responsible for overseeing the valve crew, lubrication crew, team of contracted fabricators, and nine Chobani employees who worked directly under his supervision. Mr. Ash regularly worked seven days a week in order to keep the Maintenance Department running smoothly.

11. Plaintiff did not have any performance issues until June 18, 2015, seven days before his termination. Plaintiff was a valuable and successful employee as both a Sleeving Supervisor and Maintenance Supervisor.

12. Plaintiff was over the age of 50 years of age at the time of his termination.

13. During his employment, Plaintiff's supervisor was significantly younger than Plaintiff.

14. As a result of his age, Plaintiff was discriminated against in the following ways:

    a. Mr. Ash's younger supervisors repeatedly denied his requests for training and necessary mechanical parts for the work crews under

        his supervision. His supervisors granted employee training for the younger Supervisors of the Maintenance Department.

    b. His supervisors arbitrarily questioned the productivity and breaks of Mr. Ash's work crews.

    c. Mr. Ash was denied requests for any training that was granted to younger supervisors.

    d. Mr. Ash applied for a Maintenance Manager position in June of 2015 and the position was given to a younger, less experienced employee.

    e. Mr. Ash was routinely denied weekends off. A request that was granted to younger supervisors and employees.

15. On or about June 18, 2015, Plaintiff was called into a meeting with his supervisor, Jose Trelles and Soccoro Bacon. Plaintiff was told he was being placed on a Performance Improvement Plan (PIP) and he was counseled on how to work with younger managers and employees. The PIP was general and failed to state any specific instances of conduct that lead to the alleged performance issues. Plaintiff was called into the meeting two days after he submitted his resume for the Maintenance Manager position. Plaintiff was given 30 days to remedy the "employment issues" outlined in the PIP.

16. Plaintiff worked on June 19, 2015 and was told by his supervisor not to work the weekend June 20 and June 21. On June 22, 2015, Plantiff's supervisor sent an email stating he would like to terminate Plaintiff. On June 25 2015, Plaintiff was terminated. The reasons cited for his termination were for issues that arose when Plaintiff was not working.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

17. Chobani's employee handbook provides the following procedures in disciplining and terminating employees:

> "All disciplinary action will include a four (4) step progressive program initiating from the date of the verbal warning and consisting of the following:
>
> 1. Verbal warning (with written documentation)
>
> 2. A written warning
>
> 3. Time off without pay (a maximum of 3 days)
>
> 4. Termination
>
> All disciplinary action notifications will remain effective for 12 rolling months from the time of issuance. Repeat occurrences of similar violations of a policy will result in termination if four (4) occurrences are noted within a 12 rolling month period. The 12 months period begins on the date of the verbal warning being issued.
>
> The four (4) step policy may be waived for severe infractions such as, but not limited to, fighting, insubordination, self-termination, theft, willful destruction of company product, property, materials or equipment, drug or alcohol offenses, falsifying records or documents, severe safety violations, horseplay or other violations found within the employee handbook." *Chobani Employee Handbook*, Section 4: On The Job: Progressive Disciplinary Action, July 1, 2010, p. 4.

18. Plaintiff was not given a verbal warning or time off without pay prior to termination. Further, Plaintiff was not allowed the full 30 days to cure his alleged work performance issues.

19. After his termination, Plaintiff was replaced by a 34 year old employee with little work experience in industrial machines.

20. Prior to his termination, Plaintiff also witnessed discrimination and a hostile work environment against a fellow, older colleague Virginia Tucker. In fact, Plaintiff sat in on meetings where Jose Trelles and others stated that Ms.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

Tucker needed to be "fired before she could sue the company" as a result of a back injury she sustained while on the job.

21. Plaintiff was terminated on the same day as Virginia Tucker, another older employee working as his subordinate. Chobani terminated approximately eight other employees over the age of 45 near the time of Plaintiff's termination.

22. On April 18, 2016, the Plaintiff timely filed a Charge of Discrimination with both the Idaho Human Rights Commission ("IHRC") and Equal Employment Opportunity Commission ("EEOC") charging Chobani with violations of the Age Discrimination in Employment Act and the Idaho Human Rights Act.

23. Plaintiff's case has been administratively dismissed by the both the IHRC and EEOC and Plaintiff obtained a Notice of Right to sue from each agency less than ninety days ago.

24. Chobani is an employer within the meaning of the Idaho Human Rights Act, Idaho Code § 67-5902(6), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*

### COUNT ONE
### AGE DISCRIMINATION IN VIOLATION OF THE
### ADEA AND THE IDAHO HUMAN RIGHTS ACT

25. Plaintiff realleges paragraphs 1 through 24 as though fully set forth herein.

26. Chobani's disparate treatment and termination of Plaintiff was based on Plaintiff's age.

27. The actions of Chobani in discriminating against and terminating Plaintiff because of his age is in violation of the Age Discrimination in Employment

Act, 29 U.S.C. § 621 *et. seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, which prohibit discrimination in employment based on age.

28. Plaintiff is entitled to recover damages, including back and front pay and lost benefits, compensatory and liquidated damages, and attorney fees because of Chobani's discriminatory conduct.

29. Plaintiff is further entitled to recover attorney fees and costs incurred in prosecuting this action pursuant to the Age Discrimination in Employment Act and the Idaho Human Rights Act.

## COUNT TWO
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

30. The Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint.

31. Chobani's conduct in violating the Age Discrimination in Employment Act and the Idaho Human Rights Act was extreme, outrageous and egregious.

32. As a result of Chobani's extreme and outrageous conduct toward Plaintiff, he has suffered, and continues to suffer, severe emotional distress, including physical manifestations of that distress.

33. Chobani's acts and/or omissions were intentional, willful and/or negligent.

34. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff is entitled to be compensated for his damages in an amount to be proven at trial.

35. Plaintiff further is entitled to recover attorney fees and costs incurred in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment for special damages, including lost earnings and benefits in an amount to be proven at trial;

2. For all general and all special damages in an amount to be proven at trial;

3. For interest, costs and attorney fees under the Age Discrimination in Employment Act and the Idaho Human Rights Act and any other applicable state or federal laws;

4. For such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury composed of no less than twelve (12) persons on all issues so triable, pursuant to Federal Rule of Civil Procedure 38(b).

DATED: This 11 day of July, 2017.

JOHNSON & MONTELEONE, L.L.P.

_____
Sam Johnson